**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| SIMON VALENCIA-MATA, | No.   21-70742 |
| Petitioner, | Agency No. A208-080-926 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 9, 2022**
Portland, Oregon

Before:  SCHROEDER and SUNG, Circuit Judges, and ANTOON,*** District Judge.

Petitioner Simon Valencia-Mata, a native and citizen of Mexico, petitions

for review of the denial of his application for asylum, cancellation of removal,

withholding of removal, and protection under the Convention Against Torture

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

(CAT). Valencia-Mata's application claimed that he feared removal to Mexico because a gang would target him for persecution and torture based on his opposition to cartels and his membership in a family that owned a piece of land of which the cartel took control.

The immigration judge denied Valencia-Mata's asylum application because Valencia-Mata failed to file his application within one year of his most recent arrival in the United States. Valencia-Mata failed to challenge that determination before the BIA, and the BIA deemed the issue waived. This court thus lacks jurisdiction to hear Valencia-Mata's argument that his asylum application was timely. *See* 8 U.S.C. § 1252(d)(1); *Iraheta-Martinez v. Garland*, 12 F.4th 942, 948 (9th Cir. 2021).

As to Valencia-Mata's request for CAT protection, substantial evidence supports the BIA's determination that Valencia-Mata failed to show he would more likely than not be tortured upon return to Mexico. Valencia-Mata has never been injured, let alone tortured, in Mexico. Also, Valencia-Mata's family members have relocated to other parts of Mexico and lived safely, including his two brothers and one aunt.

Valencia-Mata cannot receive withholding of removal because substantial evidence supports the BIA's determination that he could relocate safely within

Mexico. An applicant who is otherwise eligible for withholding of removal may nevertheless be returned to their country of origin if the government can meet its burden to show that the applicant can "avoid future persecution by relocating to another part of the applicant's country of nationality . . . and under all the circumstances, it would be reasonable to expect the applicant to do so." *Akosung v. Barr*, 970 F.3d 1095, 1101 (9th Cir. 2020) (quoting 8 C.F.R. § 1208.13(b)(1)(i)(B)). The BIA denied withholding because it found that Valencia-Mata could relocate within Mexico to avoid future persecution. Valencia-Mata fails to clearly challenge this dispositive determination before this Court. Even if this Court construes Valencia-Mata's sparse briefing on this issue as having meaningfully argued that the agency erred as to relocation, substantial evidence supports the BIA's finding that Valencia-Mata could safely relocate within Mexico and that it would be reasonable to expect him to do so. Thus, even if this Court agreed with Valencia-Mata's nexus arguments on the withholding issue, on remand "neither the result nor the BIA's basic reasoning would change." *Singh v. Barr*, 935 F.3d 822, 827 (9th Cir. 2019). This Court thus denies the petition as to withholding.

The Court also denies the petition as to Valencia-Mata's arguments that he is entitled to cancellation of removal. This Court does "not have jurisdiction to

reweigh the evidence underlying the IJ's conclusion that removal would not cause [the petitioner's] children to suffer an 'exceptional and extremely unusual hardship.'" *Mendez-Castro v. Mukasey*, 552 F.3d 975, 979 (9th Cir. 2009). Valencia-Mata's arguments, although labeled as a constitutional challenge to the agency's decision, merely ask the Court to reweigh the evidence that the agency already considered. *See Torres-Aguilar v. I.N.S.*, 246 F.3d 1267, 1271 (9th Cir. 2001) ("Although we retain jurisdiction to review due process challenges, a petitioner may not create the jurisdiction that Congress chose to remove simply by cloaking an abuse of discretion argument in constitutional garb."). Valencia-Mata's arguments fall outside this Court's jurisdiction.

The petition is **DENIED**.